IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD DISCO, JH-1908,  )
    Petitioner,  )
                                             )
        v.  )   2:13-cv-324
                                             )
MR. BRIAN COLEMAN et al.,  )
    Respondents.  )

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Richard Disco for a writ of habeas corpus (ECF 1) be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Richard Disco has presented a petition for a writ of habeas corpus. Disco is presently serving a ten to twenty year sentence imposed following his conviction of involuntary deviate sexual intercourse, indecent assault and endangering the welfare of children at No. CP-51-CR-1206261-2001 in the Court of Common Pleas of Philadelphia County, Pennsylvania. This sentence was imposed on June 8, 2006 with an effective date of March 23, 2006, a minimum expiration date of March 23, 2016 and a maximum expiration date of March 23, 2026.[1]

However, it is not this conviction that Disco contests here, but rather that as a result of this conviction he was recommitted as a parole violation on a prior sentence which he now alleges the Parole Board illegally extended for a period of twenty-two months [the "first" sentence]. The background to this sentence is as follows. Petitioner was convicted in 1987 on several criminal charges in Philadelphia and sentenced to a four to fifteen year period of incarceration with an effective date of December 14, 1986, a minimum expiration date of December 14, 1990 and a maximum expiration date of December 14, 2001.[2] He was initially paroled on November 1,

---

[1] Petitioner was originally sentenced on October 2, 2003, and following an appeal and remand for resentencing, the present sentence was imposed on June 8, 2008. See: Exhibits 7, 33, 34 to the answer.
[2] See: Exhibits 3-6 to the answer.

1

1990.[3] There then ensued a period of time when he was repeatedly incarcerated as both a technical and convicted parole violator.[4] Ultimately he was reparoled on December 18, 2000 with a maximum sentence expiration date of March 18, 2003.[5]

While on parole, he was arrested, charged and convicted on the 2001 charges noted above, and ultimately sentenced on those charges to the ten to twenty year period of incarceration. As a result of this conviction he was recommitted as a parole violator with a maximum sentence expiration date of August 4, 2006 and as a result on August 5, 2006 he was released to commence service of the sentence imposed on the 2001 charges with a minimum sentence expiration date of March 23, 2016 and a maximum expiration date of March 23, 2026.[6]

Disco now contends that the calculation of his original parole expiration date was in error and that it had been improperly extended by twenty-two months. He raised this claim in the Commonwealth Court which on April 26, 2011 concluded that the claim lacked merit.[7] His petition for rehearing *en banc* was denied by the Commonwealth Court on May 24, 2011[8]. Disco apparently contacted the Pennsylvania Supreme Court by letter dated August 10, 2011 and the latter court notified him that his original petition for allocator which was received in its Middle District office on June 24, 2011 was untimely.[9] The instant petition was executed on February 20, 2013.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] See: Exhibits 7-9 to the answer.
[4] See: Exhibits 4-7, 12-32.
[5] See: Exhibits 25-26 to the answer.
[6] See: Exhibit 7 to the answer.
[7] See: Exhibit N to the petition.
[8] See: Exhibit O to the petition.
[9] See: Exhibit P to the petition.

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied as untimely on August 10, 2011 in that the thirty days in which to seek relief in that court expired on May 27, 2011. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The instant petition was executed on February 20, 2013 or about twenty months after he could have sought relief here, and from his submissions the petitioner was well aware of these dates. Thus, far in excess of the one year period in which to seek federal relief expired, and the instant petition is time barred.

However, even if the instant petition was not time barred its substance may be addressed where it can be denied on the merits. 28 U.S.C. 2254(b)(2). As noted by the respondent:

> Disco now appears to … claim that the minimum and maximum terms of this ten (10) to twenty (20) [year sentence] have been extended by twenty-two months… This claim appears to be based on the belief that Disco should have been paroled and/or released from his [first] sentence earlier. Particularly, Disco seems to argue that since he was recommitted by the Board for a period of thirty-six (36) months, his new sentence should have begun at the expiration of that thirty-six (36) month period.[10]

What appears to engender the confusion, and serve as the basis for this petition is the fact that on October 30, 2003 the Board recommitted the petitioner as both a technical and a convicted offender to serve 36 months of backtime when he became available.[11] This does not mean that there was a mandatory release established but only that he serve time on his first sentence when available to do so. However, on December 6, 2006, the Board rescinded its prior

---

[10] See: Answer at p.7.
[11] See: Exhibit B to the petition.

3

determinations, corrected the petitioner's sentence and the petitioner was recommitted with a parole maximum date of August 4, 2006.[12] As a result, on August 5, 2006, he was released from his first sentence to commence serving his corrected 10 to 20 year sentence. As the Commonwealth Court observed in Abrams v. Pennsylvania Bd. of Probation and Parole, 935 A.2d 604, 606 (Pa.Cmwlth. 2007):

> A recommitment is not a second punishment for the original offense; it has no effect on the original judicially-imposed sentence. Recommitment is an administrative determination that the parolee should be reentered to serve all or part of the unexpired term of his original sentence. The period of recommitment set by the Board, which may be less than the unexpired term of the parolee's sentence, simply establishes a new parole eligibility date for the parolee; it does not entitle him to release after that period of time. Upon completion of this period of backtime, the parolee has the right to again apply for parole and have his application considered by the Board (citing cases).

That is, it is the sentence as originally imposed by the court which determines the length of the sentence and not the administrative decisions to parole or recommit an offender made by the Board which determines the sentence. The only factor weighing in the determination of the maximum sentence expiration date is that a convicted parolee is not entitled to credit towards that sentence for the time he was on parole. 61 Pa.C.S.A. §6138 (2) ("if the parolee's recommitment is so ordered [as a convicted offender], the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted…"). See also: Gair v. Pennsylvania Bd. Of Probation and Parole, 948 A.2d 884 (Pa.Cmwlth.), leave to appeal denied 962 A.2d 1198 (2008).

Pennsylvania parole is a matter of legislative grace and not a matter of entitlement. Roman v. DiGulglielmo, 675 F.3d 204 (3rd Cir.) cert. denied 133 S.Ct. 297 (2012). For this reason, the calculation of the petitioner's sentence is governed by state law, and hence is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011). Accordingly, Disco's claims do not provide a basis for relief.

Because the instant petition is both untimely and meritless, and has not resulted in a conviction which is contrary to or involved an unreasonable interpretation of federal law as determined by the Supreme Court, Disco is not entitled to relief here. Accordingly, it is recommended that the petition of Richard Disco for a writ of habeas corpus be dismissed and

---

[12] See: Exhibit D to the petition.

because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

      Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: July 15, 2013

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge